### Charles Bancroft *et al. versus* The Inhabitants of Lynnfield.

A town is authorized to indemnify its officers, against any liability which they may incur in the *bonâ fide* discharge of their duties, although it turn out that they have exceeded their legal rights and authority.

Where a drain was dug by a surveyor of highways, for the purpose of raising a legal question as to the bounds of a highway, and the town appointed a committee to defend an action brought against the surveyor therefor, and voted to defray the expenses incurred by the committee, it was *held*, that the town was bound by such vote, although it were under no previous obligation to indemnify the surveyor, and that the committee were entitled to compensation and indemity from the town, for their services and expenses.

Assumpsit for services and disbursements. Trial before *Shaw* C. J.

It appeared, that in the autumn of 1832, or the spring of 1833, John Upton junior, who was chosen a surveyor of highways by the town of Lynnfield, caused a ditch to be dug near one of the highways in his district; but whether this was done by him under a belief, that it was a necessary improvement, or for the purpose of drawing on a suit to test the title to an open piece of ground through which the drain was conducted, was a question in controversy between the parties.

It also appeared, that in 1833, an action was brought by John Abbot against Upton, averring his title to the land, and alleging the digging of such ditch to be a trespass; that at a meeting of the inhabitants of Lynnfield on April 1st, 1833, it was voted to defend Upton against the action; that the plaintiffs, being chosen a committee by the town for that purpose, employed counsel and took the necessary measures for defending the action; that the action was tried in June, 1833, and judgment was rendered therein for Abbot; that the damages, costs and expenses of the defence were paid by the plaintiffs; and that at a meeting of the inhabitants of the town on the 17th of November, 1834, it was voted, that the bills of the plaintiffs for these disbursements should be paid by the town.

The defendants contended, that the town had no authority to defend an action brought by an individual against Upton as a private individual, upon a question of controverted title, although the latter was at the time an officer of the town, and

that the votes of the town in relation thereto, were unauthorized and not binding ; and that even if a town would be authorized in voting to defend a suit against a surveyor of highways, who, acting in good faith, had, in the exercise of such office, done an act which might be shown to be a trespass upon the soil of another, yet that the town had no such authority in the present case, because, as they alleged, the ditch was dug by Upton, not for the purpose of draining the road, nor in virtue of any duty or any power of his office, but solely to raise a legal question, whether the highway covered the place where the ditch was dug, and the act of digging it was a trespass ; and the defendants offered evidence to prove these facts.

The plaintiffs objected to the admission of this evidence, on the ground that it established no legal defence, and that as the circumstances under which the drain in question was dug, were all fully known to the inhabitants before the votes in question were passed, they were precluded from now setting up this matter in defence, if it was otherwise available.

A *pro formâ* opinion was thereupon expressed, that the town were bound by their votes, and that the evidence offered was inadmissible. The parties then consented to a default, subject to the opinion of the whole Court.

*Saltonstall* and *Choate*, for the defendants, cited *Parsons* v. *Goshen*, 11 Pick. 396 ; *Stetson* v. *Kempton*, 13 Mass. R. 272 ; *Willard* v. *Newburyport*, 12 Pick. 227 ; *Greene* v. *First Parish in Malden*, 10 Pick. 500.

*Shillaber* and *Huntington*, for the plaintiffs, cited *Willard* v. *Newburyport*, 12 Pick. 227 ; *Stetson* v. *Kempton*, 13 Mass. R. 278 ; *St.* 1785, *c.* 75, § 7 ; *Nelson* v. *Milford*, 7 Pick. 18 ; 6 Petersd. Abr. *Corporations*, (Am. ed.) 637, note.

WILDE J. delivered the opinion of the Court. The defendants admit that the services of the plaintiffs, and the expenses by them incurred, for which they demand payment, were performed and incurred at the request of the town, and that their bills therefor were allowed at a legal town meeting. They nevertheless deny their legal liability to pay, on two grounds : 1. Because, as it is said, the town was not authorized by law to raise money for the payment of these services and expenses, and that the vote to pay for them was void ; and 2. That the consideration was illegal.

*Bancroft*
*v.*
*Lynnfield.*

*Nov. 9th*

*May term*
*1837.*

Bancroft
*v.*
Lynnfield.

Neither of these grounds of defence can, as we think, be successfully maintained.

It is undoubtedly true, as was decided in *Stetson* v. *Kempton*, 13 Mass. R. 272, that towns have not an unlimited authority, in their corporate capacity, to raise money and to cause it to be assessed upon the polls and estates of the inhabitants. Such an authority would be dangerous, and it has been limited by the statute of 1785, to the cases of providing for the poor, for schools, for the support of public worship, and other necessary charges. It may be that towns are not authorized to make any contract for the payment of money, which they are not authorized to raise money to discharge by a tax on the inhabitants. This question, however, was left undecided in the case of *Stetson* v. *Kempton* ; nor is it necessary to decide it now, as we are of opinion, that the town is authorized to raise money by a tax for the payment of these charges.

It is the duty of a town to repair all highways within its bounds, at the expense of the inhabitants, so that the same may be safe and convenient for travellers ; and we think it has the power, as incident to this duty, to indemnify a surveyor or other agent against any charge or liability he may incur in the *bona fide* discharge of this duty, although it may turn out on investigation, that he mistook his legal rights and authority. The act by which the surveyor incurred a liability, was the digging a ditch, as a drain for the security of the highway ; and if it was done for the purpose of raising a legal question as to the bounds of the highway, as the defendants offered to prove at the trial, the town had nevertheless a right to adopt the act, for they were interested in the subject, being bound to keep the highway in repair. They had, therefore, the right to determine whether they would defend the surveyor or not ; and having determined that question, and appointed the plaintiffs a committee to carry on the defence, they cannot now be allowed to deny their liability, after the committee have paid the charges incurred under the authority of the town. The town had a right to act on the subject matter, which was within their jurisdiction, and their votes are binding and create a legal obligation, although they were under no previous obligation to indemnify the surveyor. That towns have an authority to defend

ιd indemnify their agents, who may incur a liability, by an in-advertent error, or in the performance of their duties imposed on them by law, is fully maintained by the case of *Nelson v. Milford*, 7 Pick. 18.

That case also is decisive as to the other ground of defence, in relation to the consideration. In that case it was decided, that a promise to refund money paid by assessors on an illegal assessment of a town tax made by them, was a valid contract ; and, in the present case, the plaintiffs' only claim is for services rendered and money paid for the town at their request. No illegal act is imputed to the plaintiffs ; and, when they were appointed a committee, they had no knowledge that any error had been committed by the surveyor. They have acted in good faith, and are clearly entitled to be compensated and reimbursed for their services and expenses.

*Motion to take off the default overruled.*